**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| SHAYLA HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00089-SNLJ |
| | ) | |
| CAPE MEADOWS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Shayla Holmes brings this civil action against the apartment complex where she resides in Cape Girardeau, Missouri—Cape Meadows.  [Doc. 1].  Now before the Court are multiple pending motions filed by Plaintiff: a motion for leave to proceed *in forma pauperis* (Doc. 2), a motion to appoint counsel (Doc. 3), a motion to preserve electronically stored information (Doc. 30), a motion to preserve evidence (Doc. 31), and a motion for temporary restraining order (Doc. 33).

Based on a review of the financial information provided in support of the motion to proceed *in forma pauperis*, the Court will grant the motion and waive the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  As explained in detail below, Plaintiff's motion for temporary restraining order will be denied under the factors established in *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981).  Finally, as Plaintiff is now proceeding *in forma pauperis*, the Court must review her complaint under 28 U.S.C. § 1915.  Based on this review, the Court will dismiss this action for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  As a result, all of Plaintiff's other pending motions will be denied as moot.

**Plaintiff's Pleadings[1]**

Self-represented Plaintiff initiated this action on a form civil complaint, containing some difficult and indecipherable handwriting.  [Doc. 1].  As best the Court can discern, Plaintiff brings suit against the property management company responsible for operating and maintaining the property where she is a tenant—Cape Meadows.[2]  She alleges discrimination, racism, "inhabitable living," and exploitation of the disabled.  [*Id.* at 3].  Her asserted basis for federal court jurisdiction is unclear as she completed sections of the Complaint for federal question jurisdiction, a suit against the federal government, and diversity of citizenship.  [*Id.* at 3-4].  In addition, on the Civil Cover Sheet, she incorrectly indicated that the plaintiff in this action is the U.S. Government.  [Doc. 1-1].  In terms of relief, Plaintiff seeks actual and punitive damages, stating that she has "been living in blk mold and they cape meadows is extorting me for more money my rent 618.00 my son 661.00 same unit."  [Doc. 1 at 6].

Plaintiff's "Statement of Claim" section of the Complaint states only: "All Evidence attached."  [*Id.* at 5].  There are twelve (12) exhibits[3] attached to the Complaint.  The first three (3) are Missouri Court Summonses to appear April 9, 2026, regarding "Rent and Possession" actions.  [Docs. 1-3 to 1-5].  The Summonses are directed at Plaintiff and two other parties that

---

[1] After filing this action, Plaintiff sent the Court many filings that were not in the proper form and therefore, violated Court Rules.  These filings were struck from the record.  [*See* Doc. 29].

[2] The caption of the Complaint lists the defendant as "Cape Meadows h.r.m. services," but the form section for "Defendant(s)" specifies the "Manager" of the Cape Meadows apartment complex.  [Doc. 1 at 1-2].  However, based on other pleadings filed by Plaintiff, it appears that she intends to name "Cape Meadows Apartments HRMS" as the defendant in this action.  [*See* Doc. 33 at 1, 3].  The Clerk of Court will be directed to update the docket sheet accordingly.

[3] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

look to be Plaintiff's son[4] and his roommate.  Plaintiff's son appears to live in the apartment unit next to Plaintiff at Cape Meadows.  According to the attached Petitions, as of March 18, 2026, Plaintiff owed Cape Meadows $3,790 in unpaid rent and fees, and Plaintiff's son and roommate owed $2,738 in unpaid rent and fees.  The Petition further states that all three tenants failed to pay money owed and have refused to vacate their Cape Meadows apartments.  [*Id.*]  The next five (5) exhibits are "Resident Ledger" printouts, dated "10/31/2025," "04/02/2026," and "04/29/2026," showing the running balance owed to Cape Meadows by Plaintiff and her son. [Docs. 1-6 to 1-10].  The Court notes that the Ledgers confirm the unpaid amounts alleged in the state court Petitions, but they also show that Plaintiff and her son paid all balances by April 29, 2026—the day before Plaintiff signed the Complaint for this action.  [*See* Docs. 1-9 at 2; 1-10 at 2].

Plaintiff also attached two (2) "Maintenance Request Forms" dated April 1, 2026.  [Docs. 1-11, 1-12].  The first requests repairs in her apartment to the dishwasher, hot-water-heater-closet door, stovetop, windows, door locks, oven, air conditioning, and for "roaches."  [Doc. 1-11]. The second concerns her son's apartment and complains about black mold, a clogged bathroom sink, malfunctioning doors and oven, holes in walls, and a window that does not lock.  [Doc. 1-12]. The Court notes that these Request Forms were signed by Plaintiff and above her signature the form states: "My signature hereby gives authorization for maintenance personnel to enter my apartment to make the repairs listed above."  [*Id.*]

Finally, two (2) attached exhibits show that Plaintiff's Cape Meadows monthly rent has increased over time.  One document notified Plaintiff of a July 1, 2025 rent increase to $618

---

[4] Although not entirely clear from the filings in this matter, it appears that "Jaren Vaughn" is Plaintiff's son who resides in the apartment unit next to Plaintiff's.  [*See* Doc. 33 at 4 (describing "Jaren Vaughn" as Plaintiff's son) *but see id.* at 3 (stating "Jaren Vaughn" as part of Plaintiff's address at the Cape Meadows apartment complex)].

monthly for her specific apartment unit.  [Doc. 1-13].  Another document provides notification to all Cape Meadows apartment tenants of a February 1, 2026 rent increase.  [Doc. 1-14].

A few weeks after initiating this civil action, Plaintiff filed a letter with the Court "requesting Cape Meadows as ristustion [sic]" and explaining her "vision" for a "community of coming together" in support of low-income and disabled persons.  [Doc. 6 at 1].  Plaintiff details what she would do as "a proper property owner," but she makes no specific allegations against Defendant.  [*Id.* at 1-5].  As best the Court can decipher, Plaintiff seems to be arguing that she should receive ownership of the Cape Meadows apartment complex as restitution in this action.  [*See id.* at 5 (stating: "If this property is awarded to me I would …")].

### Motion for Temporary Restraining Order

A few months after initiating this action, Plaintiff filed an "Emergency Motion for Temporary Restraining Order," which appears to have been drafted using generative artificial intelligence.  [*See* Doc. 33 at 2, 3, 4, 12 (text includes brackets where litigant is supposed to fill in information on her claim, for example: "[THOUSANDS OF DOLLARS – 10,000 or more]" "[INSERT DATE]," "[DATE OF UNAUTHORIZED ENTRY]," "[e.g., first-class U.S. Mail, email / personal delivery]") & 9 (citation to nonexistent case "Corrigan v. City of Scottsdale, 720 F.3d 513, 520 (9th Cir. 2013)")].[5]  In the motion, Plaintiff "seeks immediate court intervention to halt Defendant Cape Meadows Apartments HRM's ongoing violations of Plaintiff's federally protected housing rights, including systematic harassment, retaliation in violation of 42 U.S.C. § 3617, unauthorized entries into Plaintiff's dwelling unit, and failure to maintain habitable living conditions as required by federal and Missouri law."  [*Id.* at 1].  Plaintiff requests a temporary

---

[5] The Court notes that these issues are violations of Federal Rule of Civil Procedure 11(b) and justify the striking of this motion from the record.  Even self-represented litigants are obligated to abide by the Federal Rules.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  However, the Court finds that the best use of judicial resources is to address this motion as is so that the case can proceed.

restraining order, emergency habitability repairs, rent abatement, return of illegally collected fees, injunctive relief, and expedited discovery.  [*Id.* at 1-3].  In the alternative, Plaintiff is willing to settle with Defendant for $100 million dollars, transfer of full ownership of the Cape Meadows Apartments, and other property and stipulations.  [*Id.* at 11-12].

Plaintiff's motion contains a "Factual Background" section that contains many factual assertions that were not in her original Complaint.  [*Id.* at 3-6].  Plaintiff states that she is a "person with disabilities" due to a seizure disorder and Chronic Obstructive Pulmonary Disease. She alleges that she has been experiencing "serious habitability violations," including black mold, in her apartment at Cape Meadows since "[INSERT DATE]."  [*Id.* at 3].  She also alleges that Defendant's "agents unlawfully entered" her apartment unit on "[DATE OF UNAUTHORIZED ENTRY]" for retaliatory purposes and not for a legitimate inspection.  [*Id.* at 4].  Finally, Plaintiff asserts that after she complained about habitability violations and "unauthorized charges," Defendant engaged in a "systematic campaign of harassment and retaliation" that included fraudulent fees, unauthorized rent increases, unauthorized entrance into Plaintiff's apartment, threatening eviction or non-renewal of lease, failing to perform necessary apartment maintenance and repairs, and creating "a hostile housing environment."  [*Id.*]

Plaintiff argues that she will face immediate and irreparable harm without the Court's intervention, and that money damages will not provide an adequate remedy.  [*Id.* at 5, 8-9].  She alleges harm from the maintenance and repair needs of her apartment posing "serious health and safety risks" and from "Defendant's ongoing harassment and retaliation."  She asserts that she "may" even lose her housing entirely through retaliatory or constructive eviction.  [*Id.* at 5].

Plaintiff further argues that she is likely to succeed on the merits in this suit because she has stated "viable claims under federal and Missouri law," including a claim for retaliation under the Fair Housing Act (42 U.S.C. § 3617); a claim for breach of quiet enjoyment under Missouri

common law; a violation of Missouri common law's requirement that landlords provide advance notice for non-emergency entry into rented dwellings; Missouri's implied warranty of habitability; and fraud and unjust enrichment claims under Missouri law.  [*Id.* at 6-8].  She believes that the "balance of equities" weighs in her favor, that granting this motion will not impose any undue hardship on Defendant, and that the public interest supports injunctive relief here.  [*Id.* at 9].

Plaintiff attached fourteen (14) pages of screenshots from text conversations, photos of screenshots and emails, and emails regarding maintenance and repair requests on her Cape Meadows apartment.  [Docs. 33-1 to 33-11].  Most of the documents are undated.  However, one conversation regarding air conditioning repair appears to have occurred, at least partially, on Friday, June 26, 2026.  [Doc. 33-4].  Another email sent to an unknown person on April 8th discusses racial slurs made by an unknown person.  [Doc. 33-6].  Plaintiff also attached three (3) copies of an email conversation between herself and a Cape Meadows HRMS employee in which the employee informs Plaintiff that someone will come June 30, 2026, to install a new air conditioner in her son's apartment and fix the toilet in her apartment.  [Docs. 33-9 to 33-11].

### Discussion

### I.     Denial of Motion for Immediate Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 27 (2008).  "Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981).  "In balancing the equities no single factor is determinative."  *Id*.  The relevant inquiry is "whether

the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* These factors are also considered to determine the propriety of a temporary restraining order. *See S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project,* 877 F.2d 707, 708 (8th Cir. 1989).

Plaintiff's motion for temporary restraining order will be denied. After weighing the *Dataphase* factors listed above, the Court finds that Plaintiff has failed to demonstrate at this stage of the proceedings that she is likely to succeed on the merits of her claims and that she will suffer an immediate and irreparable injury if the requested relief is not granted. It is not clear from the facts plead by Plaintiff that a violation has already occurred, or that there is a real and immediate threat of such a violation. Plaintiff's statements seeking relief are wholly conclusory.

In addition, "[a] court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (internal citation omitted). In this case, Plaintiff's Complaint is brought against Defendant Cape Meadows based on allegations of discrimination, racism, inhabitable living conditions, and extortion for "more [rent] money." [Doc. 1]. There is no mention of retaliation in Plaintiff's Complaint. As such, Plaintiff fails to establish a relationship between the injuries claimed in her motion for emergency relief and the conduct complained about in the Complaint.

For these reasons, Plaintiff's motion for emergency relief will be denied.

## II.    Initial Review of Pleadings under 28 U.S.C. § 1915(e)

### a.    Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, or without prepaying fees and costs, her pleadings are subject to an initial review.  Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

### b.  Dismissal on Initial Review

Federal courts are courts of limited jurisdiction.  *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008).  This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.  In this case, there is no clear indication of federal court jurisdiction from the allegations of Plaintiff's Complaint.  However, Plaintiff references the Fair Housing Act (FHA)—a federal law—in her motion for temporary restraining order.  [Doc. 33 at 6].  She specifically cites to the retaliation prohibition in the FHA, 42 U.S.C. § 3617.  [*Id.* at 1, 6].  But she also repeatedly refers to "discrimination," including "disability discrimination" and "housing discrimination," in her pleadings.  [*Id.* at 6, 9, & 11].  Finally, she also complains of racism and appears to be asserting that Cape Meadows employees used racist slurs when speaking to her.  [Docs. 33-6, 33-7].

"The Fair Housing Act ("FHA") prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin."  *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing 42 U.S.C. § 3604(a)-(b)); *see also Khan v. City of Minneapolis*, 922 F.3d 872, 873 (8th Cir. 2019) (stating that the FHA is "a federal law that generally prohibits making unavailable or denying a dwelling because of a person's race, color, religion, sex, familial status, or national origin").  The FHA also prohibits discrimination in housing based on disability.  42 U.S.C. § 3604(f).  A tenant subjected to discrimination in violation of the FHA can bring a private cause of action for damages.  *Neudecker v. Boisclair Corp.*, 351 F.3d 361, 363 (8th Cir. 2003); 42 U.S.C. § 3613.  However, the party asserting a housing discrimination claim under the FHA has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence.  *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997).  Under certain circumstances, owners,

- 9 -

managers, and employees may be held liable for violations of the FHA.  *See Meyer v. Holley*, 537 U.S. 280 (2003).

Liberally construing the allegations the self-represented pleadings, this is a private cause of action for damages brought under the FHA by Plaintiff against the Cape Meadows management company for alleged violations of the FHA.  However, to the extent Plaintiff is attempting to assert an FHA discrimination claim based on race or disability, these claims fail. Plaintiff provides no facts demonstrating that her access to housing was blocked or impeded based on her race or disability.  There are no facts asserted that demonstrate that any Cape Meadows management personnel treated her differently in the provision of housing due to her race or disability.  Plaintiff appears to allege that it is unfair that she and her son pay different amounts of monthly rent.  But Plaintiff asserts no facts suggesting that any difference in rent is due to race or disability, instead of due to other factors like the timing of the lease signing or differences in their apartment units.  Finally, nothing in the pleadings indicates that Defendant has made any dwelling unavailable to Plaintiff on the basis of race or disability.

Furthermore, Plaintiff's attempt to assert an FHA retaliation claim also fails.  Section 3617 of the FHA makes it unlawful to coerce, intimidate, threaten, or interfere with any person on account of their exercise of any right granted by the Act.  42 U.S.C. § 3617.  This provision of the FHA prohibits retaliation against any person on account of his having exercised or enjoyed *a right granted or protected by the FHA.  Gallagher*, 619 F.3d at 838 (emphasis added).

In this case, Plaintiff states that she has "engaged in multiple forms of protected activity" under the FHA including filing "formal complaints with Defendant regarding serious habitability violations" and "contest[ing] fraudulent fees and unauthorized rent increases."  [Doc. 33 at 7]. These alleged actions do not constitute protected activity under the FHA.  As Plaintiff explains herself in her filings, the FHA retaliation provision protects individuals from retaliation who

- 10 -

"fil[e] complaints with governmental authorities." [*See id.* at 6]. The only evidence provided by Plaintiff of a "formal complaint" are Maintenance Request Forms dated April 1, 2026, regarding needed repairs in her and her son's apartments. [Docs. 1-11, 1-12]. Nothing in these Forms indicates that Plaintiff was exercising any right protected by the FHA. There is no evidence suggesting that Plaintiff ever requested and was denied reasonable accommodation for any disability. The FHA protects against discrimination in housing; it does not protect against inhabitable housing conditions.

Overall, the allegations of Plaintiff's pleadings are wholly conclusory and either lacking factual support or clearly refuted by the facts presented. For example, Plaintiff alleges that Defendant illegally collected fees from her. However, the Ledger she filed as an exhibit to the Complaint only shows Cape Meadows charges from rent, security deposit, late fees, and legal fees—all standard charges allowed under her lease. [*See* Docs. 1-4 at 6-15; 1-9]. Furthermore, Plaintiff does not deny that she owed unpaid rent (and the Ledger confirms that she did), when the state court Petition for rent and possession was filed against her. [*See* Doc. 1-4 at 3-5]. As such, none of the evidence supports a claim of retaliatory eviction based on Plaintiff's complaints about the conditions of her apartment. The state court Petition was signed March 18, 2026—two weeks before Plaintiff filed out the Maintenance Request Forms. [*See* Docs. 1-4 at 5; 1-11; 1-12]. Finally, there is no proof of unauthorized entry into Plaintiff's apartment by any Cape Meadows employee. Plaintiff does not provide a date of this alleged entry and the Maintenance Request Forms that she signed authorize entry into her apartment for repairs. [*See* Docs. 33 at 4 (alleging "agents unlawfully entered" her apartment unit on "[DATE OF UNAUTHORIZED ENTRY]"; 1-11; 1-12].

Therefore, based on Plaintiff's pleadings and the facts alleged, Plaintiff fails to state a Fair Housing Act claim. There is no evidence of discrimination in housing based on membership

in a protected class and there is no factual support for Plaintiff's claim that Defendant took adverse action against her after she engaged in any activity protected by the FHA.

All of Plaintiff's other legal claims are brought under Missouri state law. [*See* Doc. 33 at 7-8]. Under 28 U.S.C. § 1367, the Court may exercise supplemental jurisdiction over state law claims arising from the same case or controversy as a federal claim. However, since the Court is dismissing the only federal claim brought by Plaintiff, the Court lacks jurisdiction over Plaintiff's state-law claims and they must be dismissed. These state-law claims are properly brought in a Missouri Court.

### Conclusion

Self-represented Plaintiff's motion to proceed *in forma pauperis* is granted and the filing fee is waived. However, based on a review of Plaintiff's pleadings and an examination of her motion for temporary restraining order under the *Dataphase* factors, this motion for emergency relief will be denied. Furthermore, based on a review of Plaintiff's pleadings under 28 U.S.C. § 1915(e)(2)(B), this case will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff's other pending motions for counsel and preservation of evidence are mooted by this dismissal, they will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket sheet to reflect the correct name of Defendant: "Cape Meadows Apartments HRMS."

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order [Doc. 33] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint because the Complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against Defendant Cape Meadows Apartments HRMS are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [Doc. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to preserve electronically stored information [Doc. 30] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that Plaintiff's motion to preserve evidence [Doc. 31] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of July, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE