UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SHAYLA HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-00089-SNLJ |
| | ) | |
| CAPE MEADOWS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Court has become aware that Shayla Holmes, a self-represented litigant, has violated the Court's Orders dated June 22, 2026 [Doc. 29], July 20, 2026 [Doc. 40], and August 10, 2026 [Doc. 44]. Despite the Court's Order, Holmes continues to submit documents for filing that violate the Federal Rules of Civil Procedure and this Court's Local Rules. Holmes was previously informed that she cannot submit exhibits, emails, and screenshots for filing unless they are attached to a complaint, amended complaint, or motion. *See* [Docs. 29, 44]; *see also Holmes v. Car Mart*, 1:26-cv-00119-ACL [Docs. 44]. In both this case and the case before Judge Crites-Leoni, Holmes has submitted more than 70 documents that failed to comply with the Federal Rules of Civil Procedure and this Court's Local Rules, all of which have been stricken or rejected by Court Order.

Additionally, Holmes sends communications addressed to the Court and its staff via emails to the MOED_SRL_ Filings email, which is designated solely for self-represented litigants to submit documents for filing in pending cases in this Court. The

email communications are improper and violate Local Rule 4.04(A), which states as follows:

> Attorneys and self-represented litigants shall not communicate in writing with the Court concerning any pending case except by motion or memorandum, unless otherwise directed by the Court. Attorneys and self-represented litigants shall not furnish the Court copies of correspondence among themselves except as exhibits to a motion or memorandum.

E.D. Mo. L.R. 4.04(A). Additionally, the Court's website states:

> All emails to the Court must contain a document to be filed. The MOED_SRL_ Filings email is not intended for asking questions or corresponding with the Court.

*See* https://www.moed.uscourts.gov/selfrepresented-litigants-srl.

Moreover, this case was **dismissed** on July 10, 2026. [Docs. 35, 36]. Despite the dismissal, Holmes continues to submit documents for filing that are not authorized post-dismissal pleadings. The Court previously cautioned Holmes that "any future submission of documents in this closed case, other than authorized post-dismissal pleadings, a notice of appeal, or appellate filings in accordance with federal law, may result in the imposition of sanctions." [Doc. 44].

All litigants, including self-represented litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Federal courts have the inherent authority to impose filing restrictions on litigants who abuse the judicial process and waste the Court's resources with frivolous filings. *See In re Tyler*, 839 F.2d 1290, 1292-1295 (8th Cir. 1988) (upholding imposition of a filing restriction based on frivolous filings). "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A

part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *See Day v. Day*, 510 U.S. 1, 2 (1993) (entering a filing restriction to prevent a *pro se* petitioner from filing repetitious and frivolous requests).

Holmes has not made any effort to comply with the Federal Rules of Civil Procedure or this Court's Local Rules. Moreover, she demonstrates no regard for this Court's Orders. The improper emails she sends to court staff waste judicial resources. The Court will, therefore, impose a filing restriction in this case that bans Holmes from filing via email and requires Holmes to mail documents to the Court via the United States Postal Service, United Parcel Service, or Federal Express. The Court will direct the Clerk of Court to summarily reject any email received from Holmes related to this case. Further, the Court will direct the Clerk of Court to reject any documents for filing in this closed case that are submitted by Holmes via the United States Postal Service, United Parcel Service, or Federal Express, except for authorized post-dismissal pleadings, a notice of appeal, or appellate filings in accordance with federal law.

Accordingly,

**IT IS HEREBY ORDERED** that Holmes is **BANNED** from filing via email in this case and must submit documents for filing via the United States Postal Service, United Parcel Service, or Federal Express.

**IT IS FURTHER ORDERED** that Holmes is **PROHIBITED** from communicating with the Court or its staff via email.

**IT IS FURTHER ORDERED** that the Clerk of Court shall summarily **REJECT** any email received from Holmes related to this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **REJECT** any documents for filing in this closed case that are submitted by Holmes via the United States Postal Service, United Parcel Service, or Federal Express, except for authorized post-dismissal pleadings, a notice of appeal, or appellate filings in accordance with federal law.

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF ADDITIONAL SANCTIONS.**

**SO ORDERED** this 18th day of August, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE